IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

L'CHAIM, LLC )
)
        Plaintiff, )
)
)
v. ) Civil Action No. _____
)
LEBANON WINE & SPIRITS LLC ) JURY TRIAL REQUESTED
)
        Defendant. )

COMPLAINT FOR FEDERAL UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, VIOLATIONS OF THE TENNESSEE TRADE MARK ACT, AND VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

Plaintiff, L'chaim, LLC, for its complaint against Defendant, Lebanon Wine & Spirits LLC, states as follows:

PARTIES

1. Plaintiff, L'chaim, LLC, is a Tennessee limited liability company with an address of 111 S. Hartmann Dr., Lebanon, Tennessee 37087.

2. Upon information and belief, Defendant, Lebanon Wine & Spirits LLC, is a Tennessee limited liability company with a place of business at 209 N. Cumberland St., Lebanon, Tennessee 37087.

JURISDICTION AND VENUE

3. This is an action for federal unfair competition, common law trademark infringement and unfair competition, violations of the Tennessee Trade Mark Act, and violations of the Tennessee Consumer Protection Act.

4. This Court has jurisdiction of the subject matter pursuant to at least 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and under this Court's pendent jurisdiction over related state and common law claims arising under the same operative facts and circumstances in accordance with 28 U.S.C. § 1367.

5. Personal jurisdiction is proper in this district for at least the reason that both parties reside in this district and the Defendant has committed acts of infringement in this District.

6. Venue is proper in this district pursuant to at least 28 U.S.C. §§ 1391(a), (b) and (c).

## NATURE OF THE ACTION

7. Plaintiff is and at all times relevant hereto has been in the business of providing retail store services featuring wine, spirits, beer, seltzers, and tobacco products (hereinafter collectively referred to as "Plaintiff's Services") to customers in Lebanon, Tennessee and the surrounding regions ("Plaintiff's Trade Area").

8. Since at least as early as August 2015, Plaintiff, including Plaintiff's predecessors-in-interest, has been substantially and continuously using the mark LEBANON WINE & SPIRITS ("Plaintiff's Mark") in commerce in Plaintiff's Trade Area for and in connection with Plaintiff's Services.

9. Plaintiff's Services provided under Plaintiff's Mark are advertised and promoted to consumers in Plaintiff's Trade Area through various means including, but not limited to, online advertising, business listings, social media pages, and via Plaintiff's website at www.lebanonspirits.com.

10. By virtue of the quality and nature of Plaintiff's Services offered under Plaintiff's Mark in Plaintiff's Trade Area, the extensive sales, advertising, provision, marketing and promotion of Plaintiff's Services under Plaintiff's Mark, and the substantially exclusive and

continuous use of Plaintiff's Mark in commerce for almost a decade for and in connection with Plaintiff's Services in Plaintiff's Trade Area, Plaintiff's Mark has acquired and come to symbolize and identify a source of great and valuable goodwill for and in connection with Plaintiff's Services in Plaintiff's Trade Area.

11. Plaintiff's Mark is registered in connection with Plaintiff's Services pursuant to Tennessee State Trademark Registration No. 68001.

12. Plaintiff's Mark is valid and subsisting, now owned and not abandoned by Plaintiff for use with Plaintiff's Services.

13. Plaintiff owns all right, title and interest in and to Plaintiff's Mark for use in connection with Plaintiff's Services in Plaintiff's Trade Area.

14. Since about fall 2023, Defendant has been providing identical liquor store related services (hereinafter referred to as "Defendant's Services") under the mark LEBANON WINE & SPIRITS and/or MR. LEBANON WINE & SPIRITS (collectively "Defendant's Marks") from a location in Plaintiff's Trade Area at 209 N. Cumberland St., Lebanon, Tennessee 37087.

15. Prior to any date of first use of Defendant's Marks by Defendant for or in connection with Defendant's Services, Plaintiff first used and has made substantially continuous and exclusive use of Plaintiff's Mark in commerce for and in connection with Plaintiff's Services.

16. Defendant's LEBANON WINE & SPIRITS Mark is identical to Plaintiff's Mark.

17. To the extent Defendant uses the mark MR. LEBANON WINE & SPIRITS, Defendant's MR. LEBANON WINE & SPIRITS Mark incorporates in full Plaintiff's Mark, is substantially identical to Plaintiff's Mark, and/or strongly suggests a familial relationship/connection to the source of Plaintiff's Services offered under Plaintiff's Mark.

18. Defendant's Services are identical to Plaintiff's Services.

19. Defendant's business location is located within Plaintiff's Trade Area.

20. The advertising, promotion, provision, sale, and/or offer for sale of Defendant's Services by Defendant under Defendant's Marks have been done without the license, consent or acquiescence of Plaintiff.

21. Defendant's use of Defendant's Marks for Defendant's Services has caused and is likely to cause confusion among consumers, the trade in general, and the public at large as to the source of Defendant's Services vis-à-vis the source of Plaintiff's Services offered under Plaintiff's Mark.

22. Upon information and belief, Defendant knew of the prior use of Plaintiff's Mark to identify the source of Plaintiff's Services before Defendant commenced use of Defendant's Marks, and therefore Defendant did, and continues to, willfully infringe upon Plaintiff's rights in Plaintiff's Mark.

23. Despite having had actual knowledge of Plaintiff's prior use of Plaintiff's Mark for Plaintiff's Services in Plaintiff's Trade Area, Defendant adopted Defendant's Marks and has used the same in willful or reckless disregard of Plaintiff's prior and superior rights therein.

24. After Plaintiff learned of Defendant's use of Defendant's LEBANON WINE & SPIRITS mark for Defendant's Services, Plaintiff placed Defendant on actual notice of its rights in Plaintiff's Mark and demanded that Defendant cease its use of Defendant's LEBANON WINE & SPIRITS mark. Defendant has not complied with Plaintiff's demands as Defendant's LEBANON WINE & SPIRITS mark is still being used by Defendant.

25. To the extent Defendant has changed certain uses of Defendant's LEBANON WINE & SPIRITS mark to a MR. LEBANON WINE & SPIRITS mark, Plaintiff

placed Defendant on actual notice that such a change was insufficient to avoid violation of Plaintiff's rights in Plaintiff's Mark and further demanded that Defendant cease its use of both Defendant's LEBANON WINE & SPIRITS and MR. LEBANON WINE & SPIRITS marks.

## COUNT I
## FEDERAL UNFAIR COMPETITION AND RELATED VIOLATIONS

26. Plaintiff restates all preceding paragraphs as if fully set forth herein, and for its Count I states as follows:

27. Defendant's Marks are and have been used in commerce in Plaintiff's Trade Area for and in connection with Defendant's Services, which are the same as or are so closely related to those for which Plaintiff's Mark have been and are being used by Plaintiff, and the Marks themselves are so similar in the substantial identicality, that it is likely to cause confusion, mistake, and/or deception in violation of 15 U.S.C. § 1125(a).

28. Use by Defendant of Defendant's Marks as alleged herein falsely represents or suggests to the consumers and to persons in the trade and industry that Defendant's Services promoted, sold, offered for sale, and/or advertised by Defendant in Plaintiff's Trade Area under Defendant's Marks are provided, distributed and/or sold by or from the same commercial source as, or with the permission of or authorization from the same commercial source as, Plaintiff's Services provided, distributed, and/or sold under Plaintiff's Mark and/or that Defendant's Services have been provided in accordance or in compliance with the quality standards established by Plaintiff for Plaintiff's Services offered and/or sold under Plaintiff's Mark, in further violation of 15 U.S.C. § 1125(a).

29. Defendant has, by its use of Defendant's Marks, falsely represented to, misrepresented, and deceived the purchasing public and the trade in general as to the commercial

origin or source of Defendant's Services offered and/or sold in commerce in Plaintiff's Trade Area by Defendant under Defendant's Marks so as to cause members of the purchasing public and/or persons in the trade and/or industry in general to falsely or mistakenly believe that Defendant's Services provided by Defendant in Plaintiff's Trade Area under Defendant's Marks have been authorized by, sponsored by, approved by, or are connected or affiliated with the source of Plaintiff's Services provided in Plaintiff's Trade Area under Plaintiff's Mark, and to falsely or mistakenly believe that Defendant's Services emanate from the same commercial source as that of Plaintiff's Services sold or distributed in commerce in Plaintiff's Trade Area under Plaintiff's Mark or from a commercial source related to, connected with, or affiliated with that from which the goods and services emanate under Plaintiff's Mark.

30. The unauthorized uses by Defendant of Defendant's Marks as alleged herein constitute false and misleading designations of origin in violation of 15 U.S.C. § 1125(a).

31. The unlawful, unjust, and unfair use of Defendant's Marks by Defendant has and is being undertaken with knowledge of Plaintiff's long period of prior use and quiet enjoyment of and superior rights in Plaintiff's Mark, and with the deliberate and willful intent to infringe upon, violate and harm the rights of Plaintiff and to unlawfully and unfairly compete with and divert trade, goodwill, and revenue from Plaintiff to Defendant, whereby Defendant has been, is being, and will continue to be unjustly enriched with revenue and other benefits proximately caused by and/or resulting from Defendant's unlawful, unjust, and unfair use of confusingly similar variations of Plaintiff's Mark and intellectual property rights associated therewith.

32. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT II
## VIOLATION OF TENNESSE CONSUMER PROTECTION ACT

33. Plaintiff restates all preceding paragraphs as if fully set forth herein, and for its Count II states as follows:

34. By the actions alleged herein, Defendant is in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et seq. The acts complained of violate at least subsections (1), (2), (3), (4), and (5) of T.C.A. § 47-18-104(b).

35. As a result of the actions alleged herein, Plaintiff has suffered and continues to suffer financial damage, injury, and irreparable harm.

36. Defendant committed the actions alleged herein knowingly and willfully.

37. Pursuant to T.C.A. 47-18-109(a)(3), Plaintiff is entitled to treble damages for the knowing and willful acts of Defendant alleged herein.

38. Pursuant to T.C.A. 47-18-109(e)(1), Plaintiff is entitled to its reasonable attorney fees and costs in bringing this claim.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39. Plaintiff restates all preceding paragraphs as if fully set forth herein, and states for its Count III as follows:

40. The activities of Defendant as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion, deception, and mistake among consumers of Plaintiff's Services and persons in the trade and industry in Plaintiff's Trade Area, and to allow Defendant to usurp and to unjustly and unfairly benefit and enrich itself and its principals, and employees by siphoning away goodwill

and value built up by Plaintiff over many years of use of and extensive investment in advertising and promotion of Plaintiff's Mark.

41. Defendant's acts as alleged herein have engendered or are likely to engender a false belief in the minds of the public and persons in the trade and industry in general that Defendant is affiliated with, sponsored by, or associated with the source of Plaintiff's Services marketed and sold under Plaintiff's Mark.

42. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT IV
## VIOLATIONS OF THE TENNESSE TRADE MARK ACT

43. Plaintiff restates all preceding paragraphs as if fully set forth herein, and for its Count IV states as follows:

44. By the actions alleged herein, Defendant is in violation of the Tennessee Trade Mark Act of 2000, T.C.A. § 47-25-501 et seq. The acts complained of violate at least subsections (1) and (2) of T.C.A. § 47-25-512.

45. As a result of the actions alleged herein, Plaintiff has suffered and continues to suffer financial damage, injury, and irreparable harm.

46. Defendant committed the actions alleged herein knowingly and willfully.

WHEREFORE, Plaintiff prays for at least the following relief:

a. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116, Tenn. Code Ann. § 47-18-109(b), and/or the common law to prohibit any further violation of Plaintiff's rights in Plaintiff's Mark, and prohibiting Defendant

from unfairly competing with Plaintiff through the use of spurious designations substantially identical to or confusingly similar to Plaintiff's Mark.

   b. An accounting and recovery under 15 USC § 1117(a), Tenn. Code Ann. § 47-18-109, and/or Tenn. Code Ann. § 47-25-514 of Defendant's profits resulting from violation of Plaintiff's rights in Plaintiff's Mark.

   c. Recovery under 15 USC § 1117(a), Tenn. Code Ann. § 47-18-109, Tenn. Code Ann. § 47-25-514, and/or the common law of Plaintiff's damages, in an amount to be determined.

   d. Trebling of the profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a), Tenn. Code Ann. § 47-18-109, and/or Tenn. Code Ann. § 47-25-514 due to the deliberate and willful violation by Defendant of Plaintiff's rights in Plaintiff's Mark.

   e. An award to Plaintiff of its costs in this action.

   f. That all goods, labels, signs, prints, packages, and advertising literature in the possession or control of Defendant bearing the LEBANON WINE & SPIRITS and/or MR. LEBANON WINE & SPIRITS Marks or any other colorable imitation or confusingly similar variation of Plaintiff's Marks be delivered up to an officer of the Court for destruction pursuant to 15 USC § 1118.

   g. Such other, further, and additional relief as this Court may deem reasonable and just.

Plaintiff demands a jury to try the issues joined.

>Respectfully submitted,
>
>L'CHAIM, LLC
>
>By: s/Michael J. Bradford
>Michael J. Bradford, BPR #22689
>Wade R. Orr, BPR #27448 (admission pending)
>LUEDEKA NEELY, P.C.
>P. O. Box 1871
>1504 Riverview Tower
>Knoxville, TN 37901
>Phone: (865) 546-4305
>Fax: (865) 523-4478
>
>*ATTORNEYS FOR PLAINTIFF*